```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

```
Calenthe Eugenia Johnson, as    )
Administratrix, o/b/o Lashandra )
Marie Mayfield, deceased,       )
                                )
    Plaintiff,                  )
                                )
vs.                             )    No. 13-2336
                                )
Methodist Healthcare Memphis    )
Hospitals d/b/a Methodist       )
University Hospital,            )
    Defendant.                  )
                                )
                                )
```

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Before the Court is Defendant Methodist Healthcare Memphis's ("Methodist") July 13, 2013 Motion to Dismiss (the "Motion"). (Mot., ECF No. 9.) Calenthe Eugenia Johnson ("Johnson") responded on August 21, 2013 (the "Response"). (Resp., ECF No. 15.) For the following reasons, the Motion is GRANTED in part and DENIED in part.

I.   Background[1]

The Complaint alleges medical malpractice and wrongful death. LaShandra Mayfield ("Mayfield") was admitted to Methodist University Hospital on January 15, 2012. (Compl., ECF No 1.) On admission, Mayfield was preliminarily diagnosed with

---

[1] The facts are taken from the Complaint unless otherwise stated.

bronchitis. (Id. ¶ 15.) She underwent a chest x-ray that showed bilateral patchy interstitial and alveolar infiltrates. (Id. ¶ 16.) Mayfield was in no apparent distress and rested comfortably. (Id.) Medical staff started her on various antibiotics, including vancomycin, ciprofloxacin, and Zosyn. (Id.) Mayfield was also started on Mucinex. (Id.) Dr. Mable, Mayfield's pulmonologist, consulted on her treatment. (Id.)

After admission, Mayfield complained that she was experiencing generalized body aches. (Id. ¶ 17.) She was prescribed various pain medications including Ibuprofen, Dilaudid IV, and Percocet by mouth. (Id.) She was prescribed Xanax to counter her anxiety. (Id.)

On January 18, 2012, a Methodist nurse administered the following to Mayfield:

    00:15 am Dilaudid 1mg IV;
    02:25 am Percocet two tablets by mouth;
    04:14 am Dilaudid 1mg IV;
    06:45 am Percocet two tablets by mouth;
    08:44 am Dilaudid 1mg IV;
    11:19 am Xanax 0.5mg/2 tablets by mouth;
    12:56 pm Dilaudid 1mg IV;
    3:16 pm Percocet two tablets by mouth;
    5:37 pm Dilaudid 1 mg IV;
    7:34 pm Xanax 0.5mg/2 tablets by mouth;
    7:47 pm Percocet 2 tablets by mouth; and
    10:41 pm Dilaudid 1mg IV.

(Id. ¶ 18.)

On January 19, 2012, Mayfield's blood pressure was 98/43. (Id. ¶ 19.) At 12:37 am on the morning of January 19, 2012, a

2

Methodist nurse administered two Percocet tablets by mouth. (Id.) At 3:30 am that morning, Mayfield's husband, Samuel Mayfield, Sr. ("Samuel Mayfield"), awoke to find Mayfield unresponsive. (Id. ¶ 20.) Samuel Mayfield notified a Methodist nurse that Mayfield was unresponsive, and the nurse examined Mayfield and determined that she was unresponsive and had a respiratory rate of 5. (Id.) The nurse administered the drug Narcan with no response. (Id.) The nurse called the exchange for Dr. Rassoul, Mayfield's physician, and then "called a code." (Id.) Mayfield was administered additional Narcan. (Id. ¶ 21.) She was subsequently evaluated by Neurology, which noted that following "the arrest" Mayfield had hypoxic ischemic encephalopathy due to hypoxic brain injury. (Id. ¶ 22.) An EEG was done, which showed marked encephalopathy. (Id.) Mayfield remained unresponsive and deteriorated until her death on January 31, 2012. (Id. ¶¶ 21-24.)

Johnson filed the Complaint on May 23, 2013. She is Mayfield's mother and the administrator of Mayfield's estate. (Id. at 1.) Johnson has alleged that Methodist acted negligently in its care of Mayfield and seeks compensatory damages of $4,000,000 for Mayfield's severe physical injury, extreme pain and suffering, "loss of the normal enjoyment of the pleasures of life," and wrongful death. (Id. ¶¶ 26-29.) Johnson seeks $2,000,000 in damages for loss of consortium,

3

prejudgment and postjudgment interest, and discretionary and nondiscretionary costs. (Id. ¶¶ 27, 29, 39.) Johnson complied with the notice requirements for a malpractice case under Tenn. Code. Ann. § 29-26-121(a). (Id. ¶ 8.)

## II.  Jurisdiction and Choice of Law

This Court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs". 28 U.S.C. § 1332(a)(1). Johnson is a resident of Arkansas. (Compl ¶ 2.) Before her death, Mayfield was a resident of Arkansas. (Id.) Methodist is a Tennessee corporation. (Id. ¶ 3.) Johnson has alleged $6,000,000 in damages. (Id. ¶ 29.) The parties are completely diverse, and the amount-in-controversy requirement is satisfied.

In a diversity action, state substantive law governs. See Brocklehurst v. PPG Indus., Inc., 123 F.3d 890, 894 (6th Cir. 1997) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). When the parties agree that a certain state's substantive law applies, the court need not conduct a "choice of law" analysis sua sponte. GBJ Corp. v. Eastern Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998). The parties agree that Tennessee substantive law applies. (Mot. Mem. of Law, ECF No. 9-1 at 3; Resp., ECF No. 15 at 5.)

## III.  Standard of Review

4

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id. (quoting Twombly, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability

5

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

**IV. Analysis**

Methodist argues that Johnson's claims are time barred and that hedonic damages and prejudgment interest are not available in wrongful death cases. (Mot. Mem. of Law, ECF No. 9-1 at 3.) Johnson responds that the statute of limitations was tolled during Mayfield's incapacity and that hedonic damages are available for Mayfield's loss of enjoyment of life until her death, but makes no argument that prejudgment interest is available. (Resp., ECF No. 15 at 5, 7.)

**A. Statute of Limitations**

In a wrongful death case, the statute of limitations is one year from the date of injury. Tenn. Code. Ann. § 29-26-116; Holliman v. McGrew, 343 S.W.3d 68, 74 (Tenn. Ct. App. 2009). An additional one hundred and twenty days is added to the limitations period in a medical malpractice case if the plaintiff provides notice of the claims as required by statute. Tenn. Code Ann. § 29-26-121(c). If the deceased is "of unsound

6

mind" after the injury but prior to death, the limitations period is tolled until the "disability is removed." <u>Sullivan ex. Rel. Wrongful Death Beneficiaries of Charlie Sullivan v. Chattanooga Medical Investors, LP, et al.</u>, 221 S.W.3d 506, 509 (Tenn. 2007). A person is "of unsound mind" if "incapable of attending to any business, or of taking care of [herself]." <u>R.T. Wynne, Beneficiary of Life Insurance of Joyce M. Wynne, Deceased v. Stonebridge Life Insurance Company</u>, 694 F.Supp.2d 871,876 (W.D. Tenn. 2010).

Johnson complied with the notice requirements under the Tennessee statute, entitling her to a limitations period of one year plus one hundred and twenty days. (Compl. ¶ 8.) Tenn. Code Ann. § 29-26-121(c). Johnson alleges that Mayfield was injured by the defendant's negligent treatment on January 19, 2012. (Compl., ECF No. 1 at 19.) On January 19, 2012, Mayfield became "unresponsive" and was "incapable of taking care of herself" until her death on January 31, 2012. (<u>Id.</u> ¶¶ 21-24.) See <u>Stonebridge</u>, 694 F.Supp.2d at 876. Because Mayfield was of "unsound mind" after her injury on January 19, 2012, the limitations period was tolled until her death on January 31, 2012. See <u>Sullivan</u>, 221 S.W.3d at 509.

Methodist does not account for the tolling period during Mayfield's disability, arguing that the limitations period began on January 19, 2012, and ended on May 20, 2013, three days

7

before the Complaint was filed on May 23, 2013. (Mot. Mem. of Law, ECF No. 9-1 at 5.) Taking into account the twelve days the limitation period was tolled while Mayfield was "of unsound mind," the Complaint was timely and is not barred by the statute of limitations.

### B. Hedonic Damages and Prejudgment Interest

Johnson has alleged damages for Mayfield's "loss of the normal enjoyment of the pleasures of life," or "hedonic damages," between Mayfield's injuries on January 19, 2012, and her death on January 31, 2012. (Compl. ¶ 26; Resp., ECF No. 15 at 7.) Hedonic damages "are not viable in Tennessee in wrongful death cases." Jordan v. Baptist Three Rivers Hospital, 984 S.W.2d 593, 596 n. 2 (Tenn. 1999) (citing Tenn. Code Ann. § 20-5-113). "Damages under [Tennessee's] wrongful death statute can be delineated into two distinct classifications": damages arising before death and those arising afterward. Id. at 600. Section 20-5-113 of the Tennessee Code specifies the types of damages recoverable for the period before death. Tenn. Code Ann. § 20-5-113. Hedonic damages are not among them. See id. Hedonic damages are not recoverable under the second "classification," the period after death, because those damages are intended to compensate for the "suffer[ing] by the decedent's next of kin." See Jordan, 984 S.W.2d at 600.

Johnson seeks prejudgment interest on awarded damages. (Compl. ¶ 39.)  Section 47-14-123 of the Tennessee Code "allows for an award of prejudgment interest if such an award was permitted under the statutory caselaw on April 1, 1979." <u>Hollis v. Doerflinger</u>, 137 S.W.3d 625, 630 (Tenn. Ct. App. 2004) (citing Tenn. Code Ann. § 47-14-123 (2001)).  "An award of prejudgment interest, however, is not permitted in a personal injury lawsuit such as a wrongful death action." <u>Id.</u> (citation omitted).  Johnson brings a wrongful death action.  Prejudgment interest is not permitted.

## V. Conclusion

For the foregoing reasons, the Motion to Dismiss the Complaint as untimely is DENIED, and the Motion to Dismiss Johnson's claims for hedonic damages and prejudgment interest is GRANTED.

So ordered this <u>5th</u> day of February, 2014.

<u>s/ Samuel H. Mays, Jr.</u><br>
SAMUEL H. MAYS, JR.<br>
UNITED STATES DISTRICT JUDGE